ERIC M. SAFIRE, SB#98706
LAW OFFICES OF ERIC M. SAFIRE
2431 Fillmore Street
San Francisco, CA 94115
Tel: (415) 292-1940
Fax: (415) 292-1946
Email: eric@safirelaw.com

Niloufar Mazhari, SB# 159855
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Tel: 415-951-4602
Fax: 415-951-4702
Email: Mazharilaw@sbcglobal.net

Attorneys for PLAINTIFF,
STARLAH BURKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLAH BURKE, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SAN LEANDRO; OFFICER GREGORY ALLEN CANNEDY; individually, and in his official capacity; CHIEF DALE ATTARIAN, in his official capacity; and, DOES 1 through 50, <br><br> Defendants, | Case No.: CV 07 6142 <br><br> COMPLAINT FOR DAMAGES (VIOLATION OF CIVIL RIGHTS) <br><br> JURY TRIAL DEMANDED |

## JURISDICTION AND VENUE

1.  This complaint alleges violations of the constitutional rights of STARLAH BURKE. The complaint seeks remedies pursuant to Title 42, United States Code, section 1983.

Complaint                                              1
Burke v. City of San Leandro, et al.

1. Jurisdiction is conferred upon the United States District Court by Title 28, United States Code, sections 1331 and 1343. The actions giving rise to defendants' liability, as alleged in this complaint, occurred in San Leandro, State of California.

2. Plaintiff hereby demands a jury trial in this action.

**IDENTIFICATION OF PARTIES**

3. At all times material to this Complaint, Plaintiff STARLAH BURKE was a resident of the Northern District of California and of full age.

4. Defendant CITY OF SAN LEANDRO is a public entity, duly organized and existing under the laws of the State of California. Defendant CITY OF SAN LEANDRO includes the SAN LEANDRO Police Department. At all times material to this Complaint, the SAN LEANDRO Police Department was supervised, controlled and staffed by defendant CITY OF SAN LEANDRO, its officers, agents and employees.

5. For some period of time, including but not limited to September of 2006, DALE ATTARIAN was the Chief of Police. CHIEF ATTARIAN was an official with final policy-making authority regarding the supervision, discipline, and training of police officers for the CITY OF SAN LEANDRO. CHIEF ATTARIAN is being sued in his individual and official capacities.

6. At all times relevant to this Complaint, Defendant OFFICER GREGORY A. CANNEDY was a police officer employed by the CITY OF SAN LEANDRO Police Department who was acting under the color of law. OFFICER CANNEDY is being sued in his individual capacity.

Complaint
Burke v. City of San Leandro, et al.

2

7. Plaintiff is ignorant of the true names and capacities of the defendants DOES 1 through 50, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each DOE defendant is responsible in some manner for the injuries and damages suffered by plaintiff as described in this complaint. Plaintiff will amend the complaint to "defendant," "defendants," or to an individually named defendant also refers to defendants DOES 1 through 50.

8. Each defendant sued in this complaint acted as the agent or employee of every other defendant.

## FACTS GIVING RISE TO THE COMPLAINT

9. On or about May of 2005 Defendant CANNEDY contacted plaintiff on the street near her home. He identified himself as a police officer and initiated what appeared to be an investigatory stop. He was dressed in full uniform and was driving a marked police vehicle.

10. Plaintiff complied with all official requests, and answered all questions, voluntarily.

11. Defendant CANNEDY began asking personal questions and telling plaintiff that he and his wife were not in love and he wanted to begin a romantic relationship with Plaintiff.

12. Plaintiff, rejected CANNEDY'S advances and made it clear that she was not interested in seeing him again. Plaintiff was frightened by the exchange and hoped that she would never hear from him again.

Complaint  3
Burke v. City of San Leandro, et al.

13. Soon thereafter, Plaintiff came home late, one night and saw a police car near her home. Plaintiff became aware that CANNEDY was in the car and she drove around until the car left the scene. Plaintiff was again frightened and told her then boyfriend about the initial incident and the follow up presence of the vehicle.

14. In a few days, CANNEDY again contacted Plaintiff and told her that he was attracted to her and wanted to engage in sexual activity with her. Plaintiff was appalled at the situation yet was too afraid to complain due to CANNEDY's official position as a police officer.

15. Between May and December of 2005, CANNEDY continually appeared at the location of Plaintiff's home and in the surrounding vanity. Plaintiff felt that CANNEDY was stalking her yet she was afraid to complain as before. CANNEDY frequently appeared at her home upon her late night return. He would sometimes stop her to intimidate her and discuss sexual contact, and often just stop in his police vehicle causing her to be afraid to come home at night.

16. On or about December of 2005, CANNEDY stopped Plaintiff's vehicle as in a traffic stop. He touched Plaintiff in personal parts of her body against her will. She told him to stop. CANNEDY continued to grope at Plaintiff's breasts and hips, causing her to fear for her personal safety. She told her then boyfriend, but remained too afraid to tell anyone else. This exchange scared Plaintiff and she became convinced that the sexual harassment would continue.

17. In the Autumn of 2006, Plaintiff was contacted by a different police officer. This officer asked questions about CANNEDY and her contacts with him. Plaintiff

Complaint                                                            4
Burke v. City of San Leandro, et al.

thought that this new officer was a friend of CANNEDY's and she was afraid to say anything to further cause intimidation and/or harassment by the police.

18. From May through December of 2005, defendant engaged in a continuing course of conduct that constitutes sexual harassment. Said conduct shocks the conscience of the community and defendant used his authority, under color of law to harass, intimidate, assault and batter Plaintiff, all in violation of her constitutionally protected rights.

19. In January of 2007, Plaintiff became aware that the Alameda County District Attorney had brought charges against CANNEDY for criminal conduct arising out of his sexual harassment of Plaintiff and another female victim.

## DAMAGES

20. Plaintiff STARLAH BURKE was physically, mentally, emotionally, and financially injured and damaged as a proximate result of defendants' conduct. Plaintiff has also suffered the violation of her constitutional rights, and loss of the sense of security, dignity, and pride as a citizen and resident of the United States of America.

21. The conduct of defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against the individually named defendants.

22. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to recover all attorney's fees and costs incurred in relation to this action pursuant to Title 42 United States Code section 1988.

Complaint                                                                 5
Burke v. City of San Leandro, et al.

# FIRST CLAIM FOR RELIEF

42 U.S.C Section 1983
(Plaintiffs Against Defendant
Cannedy
and Does 1 through 50)

23. Plaintiff STARLAH BURKE realleges and incorporates by reference paragraphs 1 through 22 as though fully set forth in this cause of action.

24. As a direct and proximate result of defendants' actions and omissions, Plaintiff was deprived of her rights and privileges under the Fourth Amendment to the United States Constitution.

25. Defendant CANNEDY and DOES 1 though 50 acted under color of law while sexually harassing Plaintiff, thereby depriving Plaintiff of certain constitutionally protected rights, including but not limited to the right to be free from the use of excessive force and unreasonable bodily intrusion by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

26. Defendant CANNEDY engaged in conduct so egregious as to shock the conscience of the community.

27. Defendants acted in reckless and callous disregard for the constitutional rights of Plaintiff, and with willful oppression and malice. Plaintiff therefore seeks an award of punitive damages against defendants.

WHEREFORE, plaintiff prays for relief as set forth below.

//

//

//

Complaint
Burke v. City of San Leandro, et al.

6

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. Section 1983
(By Plaintiff STARLAH BURKE Against Defendants
Chief Attarian, Officer Cannedy,
and Does 1 through 50)

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 as though fully set forth in this cause of action.

29. The policies, practices, acts and omissions of Defendants CITY OF SAN LEANDRO, CHIEF ATTARIAN AND DOES 1 through 50, were moving forces behind violations of Plaintiff's constitutional rights and the resulting damages suffered by Plaintiff.

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF

### 42 U.S.C. Section 1983
(By Plaintiff STARLAH BURKE Against Defendants
Chief Attarian, Officer Cannedy,
and Does 1 through 50)

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as though fully set fourth in this cause of action.

31. Plaintiff is informed and believe and on that basis allege that Defendants CITY OF SAN LEANDRO, CHIEF ATTARIAN and DOES 1 through 50 participated in the violation of Plaintiff's right by failing to provide adequate training, supervision, discipline, and control of SAN LEANDRO Police Officers with respect to constitutionally appropriate use of force, arrest and detention, and in ratifying the unlawful conduct of defendant OFFICER CANNEDY and DOES 1 through 50, as

ERIC M. SAFIRE
Attorney at Law
2431 FILLMORE STREET
SAN FRANCISCO, CA 94115-1814
(415) 292-1940

described in this complaint, thereby acquiescing in the deprivation of Plaintiff's rights.

WHEREFORE Plaintiff prays for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. Section 1983
(By Plaintiff STARLAH BURKE Against Defendants
Chief Attarian, Officer Cannedy,
and Does 1 through 50)

32. Plaintiff realleges 1 through 3$ Defendant CANNEDY engaged in conduct that shocks the conscience of the community by sexually harassing plaintiff in violation of her right to due process of law and equal protection of the laws as guaranteed by the 14h Amendment to the United States Constitution.

WHEREFORE Plaintiff prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

### 42 U.S.C. section 1983
(By Plaintiff STARLAH BURKE Against Defendants
Chief Attarian, Officer Cannedy,
and Does 1 through 50)

33. Plaintiff realleges paragraphs 1-3@ as though fully set fourth in this cause of action.

34. Plaintiff is a woman. Had she been a man defendant CANNEDY would not have acted towards Plaintiff in the manner in which he did. The primary force driving the sexual harassment is only the result of Plaintiff's gender.

35. The alleged conduct shocks the conscience of the community and violates Plaintiffs right to equal protection of the laws as protected by the 14th Amendment to the United Stated Constitution.

Complaint                                                                 8
Burke v. City of San Leandro, et al.

WHEREFORE, Plaintiff prays for relief as follows:

2. For special damages, according to proof;

3. For pecuniary damages, according to proof;

4. For funeral and burial expenses according to proof;

5. For punitive damages against the individually named defendants;

6. For attorneys' fees pursuant to 42 United States Constitution section 1988;

7. For costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

Dated: December 4, 2007

LAW OFFICES OF ERIC M. SAFIRE

By: ERIC M. SAFIRE
Attorney for Plaintiff

Complaint    9
Burke v. City of San Leandro, et al.