1  ERIC M. SAFIRE, SB#98706
   LAW OFFICES OF ERIC M. SAFIRE
2  2431 Fillmore Street
   San Francisco, CA 94115
3  Tel: (415) 292-1940
4  Fax: (415) 292-1946
   Email: eric@safirelaw.com
5

6   Niloufar Mazhari, SB# 159855
   One Embarcadero Center, Suite 500
7  San Francisco, CA 94111
   Tel: 415-951-4602
8  Fax: 415-951-4702
   Email: Mazharilaw@sbcglobal.net
9

10 Attorneys for PLAINTIFF Starlah Burke

11 Kimberly E. Colwell (SBN: 127604)
   kcolwell@meyersnave.com
12 Tricia L. Hynes (SBN: 212550)
   thynes@meyersnave.com
13 MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
14 Oakland, CA 94607
   Telephone: (510) 808-2000
15 Facsimile: (510) 444-1108

16
   Attorneys for Defendants
17 CHIEF DALE ATTARIAN
   and CITY OF SAN LEANDRO
18

19                    UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21 | STARLAH BURKE,                              | Case No.: CV 07 6142 JL
22 |         Plaintiff,                          | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
23 |    vs.                                      |
24 | CITY OF SAN LEANDRO; OFFICER                | Date: March 12, 2008
   | GREGORY ALLEN CANNEDY;                      | Time: 10:30
25 | individually, and in his official capacity; | Place: Courtroom F, 15th Floor, SF
   | CHIEF DALE ATTARIAN, in his official        |
26 | capacity; and, DOES 1 through 50.           |
27 |         Defendants.                         |
28

---

1. **JURISDICTION AND SERVICE**

This complaint alleges violations of the constitutional rights of STARLAH BURKE. The complaint seeks remedies pursuant to Title 42, United States Code § 1983. Jurisdiction is conferred upon the United States District Court by Title 28, United States Code, §§ 1331 and 1343. The actions giving rise to defendants' liability, as alleged in this complaint, occurred in the City of San Leandro, State of California. Service of process was secured as to the City and the Chief on or about January 9, 2008. Although the City originally accepted service for Defendant Cannedy, he was not employed with the City at the time of service and thus Plaintiff caused Mr. Cannedy to be personally served on February 27, 2008.

The Court should be aware that Mr. Cannedy, who has been served according to plaintiff but has yet to appear, is currently being prosecuted criminally, and the venue has yet to be settled. Defendants contend that this case, as well as the related case *Acuna v. Cannedy, et al.* Docket No. 3:08-cv-01020 JL must be stayed pending the outcome of Mr. Cannedy's criminal proceedings.

2. **FACTS**

A. **Plaintiffs' Facts**:

On or about May of 2005 Defendant CANNEDY contacted Plaintiff on the street near her home. He identified himself as a police officer and initiated what appeared to be an investigatory stop. He was dressed in full uniform and was driving a marked police vehicle. Plaintiff complied with all official requests, and answered all questions, voluntarily.

Defendant CANNEDY began asking personal questions and telling Plaintiff that he and his wife were not in love and he wanted to begin a romantic relationship with Plaintiff. Plaintiff, rejected CANNEDY'S advances and made it clear that she was not interested in him. Plaintiff was frightened by the exchange.

Soon thereafter, Plaintiff came home late, one night and saw a police car near her home. Plaintiff became aware that CANNEDY was in the car and she drove around until the car left the scene. Plaintiff was again frightened and told her then boyfriend about the initial incident and the follow up presence of the vehicle.

1    In a few days, CANNEDY again contacted Plaintiff and told her that he was attracted to
2 her and wanted to engage in sexual activity with her. Plaintiff was appalled at the situation yet
3 was too afraid to complain due to CANNEDY's official position as a police officer.
4    Between May and December of 2005, CANNEDY continually appeared at the location of
5 Plaintiff's home and in the surrounding vicinity. Plaintiff felt that CANNEDY was stalking her
6 yet she was afraid to complain and afraid to come home at night.
7    On or about December of 2005, CANNEDY stopped Plaintiff's vehicle as in a traffic
8 stop. He touched Plaintiff in personal parts of her body against her will. She told him to stop.
9 CANNEDY continued to grope at Plaintiff's breasts and hips, causing her to fear for her personal
10 safety. She told her then boyfriend, but remained too afraid to tell anyone else.
11    In the Autumn of 2006, Plaintiff was contacted by a different police officer. This officer
12 asked questions about CANNEDY and her contacts with him. Plaintiff thought that this new
13 officer was a friend of CANNEDY's and she was afraid to say anything to further cause
14 intimidation and/or harassment by the police.
15    From May through December of 2005, defendant engaged in a continuing course of
16 conduct that constitutes sexual harassment. In January of 2007, Plaintiff became aware that the
17 Alameda County District Attorney had brought charges against CANNEDY for criminal conduct
18 arising out of his sexual harassment of Plaintiff and another female victim.
19    B.    **Defendants City and Chief's Facts:**
20    When alerted to any claims involving Mr. Cannedy, which occurred in September of
21 2006, defendants conducted a thorough investigation and took all appropriate actions.
22 3.    LEGAL ISSUES
23    A.    **Plaintiff's Issues:**
24    The legal issues in this case are the damages suffered by Plaintiff and the liability of the
25 City and Chief of Police and CANNEDY, under Title 42 United States Code § 1983 et seq.
26    B.    **Defendants City and Chief's Issues:**
27    Whether Plaintiff's claims are time barred;
28    Whether Mr. Cannedy's actions were outside of the course and scope of employment;

Whether Plaintiff will be able to allege a pattern, practice or custom of widespread deliberate or willful indifference to hiring and supervision of its officers; and

Whether Plaintiff suffered any damagers;

**4.   MOTIONS**

Other than Motions in Limine, no motions are anticipated at this time.

Defendants City and Chief anticipate moving for summary judgment based upon the statute of limitations and/or qualified immunity, among other defenses.

Moreover, Mr. Cannedy, who has been served according to plaintiff but has yet to appear, is currently being prosecuted criminally, and the venue has yet to be settled. Defendants contend that this case, as well as the related case *Acuna v. Cannedy, et al.* Docket No. 3:08-cv-01020 JL must be stayed pending the outcome of Mr. Cannedy's criminal proceedings. The Defendants will most likely move to stay these two cases shortly.

**5.   AMENDMENT OF PLEADINGS**

Plaintiff does not intend to amend her pleadings.

**6.   EVIDENCE PRESERVATION**

Much of the evidence will be preserved by the criminal prosecution of CANNEDY, which Plaintiff believes is being handled by the Alameda County District Attorney's office or the California Attorney General's office.

**7.   DISCLOSURES**

Initial disclosures for this case are due to be exchanged on March 5, 2008. Plaintiff recommends exchanging disclosures pursuant to the scheduling order in the case of *Jennifer Acuna v. Cannedy, et al.*, 3:08-cv-01020 JL which was filed on February 20, 2008 as a related case to this matter. The initial disclosures are due to be exchanged for the *Acuna* case on May 21, 2008. Defendants City and Chief agree with Plaintiff's recommendation.

**8.   DISCOVERY**

No discovery has been initiated.

**9.   CLASS ACTIONS**

   This is not a class action.

**10.   RELATED CASE**

   Jennifer Acuna filed a case on February 20, 2008 that was related to this case (*Jennifer Acuna v. Cannedy, et al.*, 3:08-cv-01020 JL).  The parties are not aware of any other related cases.  Summons was served on Defendant CANNEDY on February 26, 2008 and on the Defendant CITY OF SAN LEANDRO and CHIEF DALE ATTARIAN on January 9, 2008.

**11.   RELIEF**

   Plaintiff prays for monetary relief.

**12.   SETTLEMENT AND ADR**

   The parties have stipulated to engage in Early Neutral Evaluation.  In order for the process to be productive, the parties would request that scheduling of the Early Neutral Evaluation be delayed until the parties have at a minimum conducted some initial discovery or possibly until the investigation report has been made public.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

   The parties will consent to a magistrate judge for all proceedings in this case.

**14.   OTHER REFERENCES**

   N/A

**15.   NARROWING OF ISSUES**

   N/A

**16.   EXPEDITED SCHEDULE**

   N/A

**17.   SCHEDULING**

   Plaintiff believes that it is too early to start scheduling.  Defendant CANNEDY was recently served and has not yet appeared.

   Defendants contend that this action, as well as related case *Acuna v. Cannedy, et al.* Docket No. 3:08-cv-01020 JL must be stayed.  The Court should be aware that Mr. Cannedy, who has been served according to plaintiff but has yet to appear, is currently being prosecuted

criminally, and the venue has yet to be settled. Defendants contend that this case, as well as the related case *Acuna v. Cannedy, et al.* must be stayed pending the outcome of Mr. Cannedy's criminal proceedings.

**18.    TRIAL**

Defendants contend that this action, as well as related case *Acuna v. Cannedy, et al.* Docket No. 3:08-cv-01020 JL must be stayed. The Court should be aware that Mr. Cannedy, who has been served according to plaintiff but has yet to appear, is currently being prosecuted criminally, and the venue has yet to be settled. Defendants contend that this case, as well as the related case *Acuna v. Cannedy, et al.* must be stayed pending the outcome of Mr. Cannedy's criminal proceedings.

Accordingly, it is premature at this point in time to schedule a trial date.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their respective disclosures of interested entities or persons.

**20.    MISCELLANEOUS**

The Court should be aware that Mr. Cannedy, who has been served according to plaintiff but has yet to appear, is currently being prosecuted criminally, and the venue has yet to be settled. Defendants contend that this case, as well as the related case *Acuna v. Cannedy, et al.* must be stayed pending the outcome of Mr. Cannedy's criminal proceedings.

Dated: March 7, 2008          LAW OFFICES OF ERIC M. SAFIRE

                              _____/S/_____
                              By: ERIC M. SAFIRE
                              Attorney for Plaintiff, Starlah Burke

Dated: March 7, 2008          _____/S/_____
                              By: TRICIA L. HYNES
                              Attorney for Defendants, City of San Leandro and
                              Chief Dale Attarian

1065876_1