Alison Berry Wilkinson, SBN 135890
**BERRY | WILKINSON | LAW GROUP**
4040 Civic Center Drive, Suite 200
San Rafael, CA 94903
Telephone/Facsimile: 415.259.6638
Email: alison@berrywilkinson.com

Attorneys for Defendant
Gregory Allen Cannedy

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLAH BURKE, | Case No. C07-6142 JL |
| Plaintiff, | Related Case: *Acuna v. City of San Leandro* CV 08 1020 JL |
| v. | |
| CITY OF SAN LEANDRO; OFFICER GREGORY ALLEN CANNEDY, individually and in his official capacity; CHIEF DALE ATTARIAN, in his official capacity; and DOES 1 through 50, | DEFENDANT GREGORY ALLEN CANNEDY'S ANSWER TO COMPLAINT FOR DAMAGES |
| | JURY DEMANDED |
| | Complaint Filed: December 5, 2007 |
| Defendants. | |

COMES NOW DEFENDANT GREGORY ALLEN CANNEDY (hereafter "Defendant" or "Cannedy") who answers PLAINTIFF's Complaint as follows:

## JURISDICTION AND VENUE

1. In answer to paragraph 1, DEFENDANT admits that this Court has jurisdiction over this action. Defendant denies the remaining allegations of this paragraph based on a lack of information and belief.

2. In answer to paragraph 2, DEFENDANT admits that Plaintiff is demanding a jury.

## IDENTIFICATION OF PARTIES

3. In answer to paragraph 3, DEFENDANT denies the allegations contained therein on a lack of information and belief.

4. In answer to paragraph 4, DEFENDANT admits that the CITY is a public entity, duly organized and existing under the laws of the State of California, which includes the police department. DEFENDANT is unable to admit or deny the remainder of this paragraph on a lack of information and belief.

5. In answer to paragraph 5, DEENDANT admits that Chief Dale Attarian is the current Chief and is the official with final policy-making authority regarding the supervision, discipline, and training of police officers for the City. DEFENDANT denies the remaining allegations of this paragraph.

6. In answer to paragraph 6, DEFENDANT admits that he was a police officer employed by the City in its Police Department who at all times acted under the color of law. DEFENDANT denies the remaining allegations of this paragraph.

7. In answer to paragraph 7, DEFENDANT denies the allegations contained therein based on a lack of information and belief.

8. In answer to paragraph 8, DEFENDANT denies the allegations contained therein on a lack of information and belief.

//
//

## FACTS GIVING RISE TO THE COMPLAINT

9. In answer to paragraph 9, DEFENDANT denies the allegations contained therein on a lack of information and belief.

10. In answer to paragraph 10, DEFENDANT admits that in May 2006 he was working as a San Leandro Police Officer in full uniform and driving a marked patrol vehicle. DEFENDANT denies the remaining allegations contained therein on a lack of information and belief.

11. In answer to paragraph 11, DEFENDANT denies the allegations contained therein.

12. In answer to paragraph 12, DEFENDANT denies the allegations contained therein.

13. In answer to paragraph 13, DEFENDANT denies the allegations contained therein.

14. In answer to paragraph 14, DEFENDANT denies the allegations contained therein.

15. In answer to paragraph 15, DEFENDANT denies the allegations contained therein.

16. In answer to paragraph 16, DEFENDANT denies the allegations contained therein.

17. In answer to paragraph 17, DEFENDANT denies the allegations contained therein on a lack of information and belief.

18. In answer to paragraph 18, DEFENDANT denies the allegations contained therein.

19. In answer to paragraph 19, DEFENDANT denies the allegations contained therein on a lack of information and belief.

## DAMAGES

20. In answer to paragraph 20, DEFENDANT denies the allegations contained therein on a lack of information and belief.

21. In answer to paragraph 21, DEFENDANT denies the allegations contained therein on a lack of information and belief.

22. In answer to paragraph 22, DEFENDANT denies the allegations contained therein on a lack of information and belief.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. Section 1983
### (Plaintiff Against Defendant Cannedy and Does 1 through 50)

23. In answer to paragraph 23, DEFENDANT realleges and reincorporates his answers to paragraphs 1 through 22 with the same force and effect as if they were herein set out in full.

24. In answer to paragraph 24, DEFENDANT denies the allegations contained therein.

25. In answer to paragraph 25, DEFENDANT denies the allegations contained therein.

26. In answer to paragraph 26, DEFENDANT denies the allegations contained therein.

-4-

27. In answer to paragraph 27, DEFENDANT denies the allegations contained therein on a lack of information and belief.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. Section 1983
(Plaintiff STARLAH BURKE Against Defendants Chief Attarian, Officer Cannedy, and Does 1 through 50)

28. In answer to paragraph 28, DEFENDANT realleges and reincorporates his answers to paragraphs 1 through 27 with the same force and effect as if they were herein set out in full.

29. In answer to paragraph 29, DEFENDANT denies the allegations contained therein on a lack of information and belief. .

## THIRD CLAIM FOR RELIEF

### 42 U.S.C. Section 1983
(Plaintiff STARLAH BURKE Against Defendants Chief Attarian, Officer Cannedy, and Does 1 through 50)

30. In answer to paragraph 30, DEFENDANT realleges and reincorporates his answers to paragraphs 1 through 29 with the same force and effect as if they were herein set out in full.

31. In answer to paragraph 31, DEFENDANT denies the allegations contained therein on a lack of information and belief.

//
//
//

-5-

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. Section 1983
(Plaintiff STARLAH BURKE Against Defendants Chief Attarian, Officer Cannedy, and Does 1 through 50)

32. In answer to paragraph 32, DEFENDANT realleges and reincorporates his answers to paragraphs 1 through 31 with the same force and effect as if they were herein set out in full, and denies the remaining allegations contained therein.

## FIFTH CLAIM FOR RELIEF

### 42 U.S.C. Section 1983
(Plaintiff STARLAH BURKE Against Defendants Chief Attarian, Officer Cannedy, and Does 1 through 50)

33. In answer to paragraph 33, DEFENDANT realleges and reincorporates his answers to paragraphs 1 through 32 with the same force and effect as if they were herein set out in full.

34. In answer to paragraph 34, DEFENDANT denies the allegations contained therein.

35. In answer to paragraph 35, DEFENDANT denies the allegations contained therein.

## PRAYER FOR DAMAGES

36. In answering the damages allegations of the Complaint contained in paragraphs two through eight of the Prayer, DEFENDANT denies Plaintiff was damaged at all or is entitled to an award of damages.

//

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

DEFENDANT acted at all times in good faith, without malice, and within the course and scope of his employment, and under the reasonable belief that his actions were lawful. Accordingly, DEFENDANT is entitled to state and federal qualified immunity herein.

## THIRD AFFIRMATIVE DEFENSE

To the extent that the PLAINTIFF's claims are founded upon principles of negligence, PLAINTIFF was negligent in and about the matters referred to in her Complaint. Such negligence bars or diminishes PLAINTIFF'S recovery against DEFENDANT.

## FOURTH AFFIRMATIVE DEFENSE

DEFENDANT is immune from liability pursuant to the provisions of California Government Code sections 820.2 and 815.2.

## FIFTH AFFIRMATIVE DEFENSE

DEFENDANT is immune from liability pursuant to the provisions of California Government Code sections 820.4 and 815.2.

## SIXTH AFFIRMATIVE DEFENSE

DEFENDANT is immune from liability pursuant to the provisions of California Government Code sections 818.

//

//

**SEVENTH AFFIRMATIVE DEFENSE**

DEFENDANT is immune from liability pursuant to the provisions of California Government Code sections 818 and 815.2.

**EIGHTH AFFIRMATIVE DEFENSE**

DEFENDANT is immune from liability pursuant to the provisions of California Government Code sections 820.8 and 815.2.

**NINTH AFFIRMATIVE DEFENSE**

DEFENDANT is immune from liability pursuant to the provisions of California Government Code sections 821.6 and 815.2.

**TENTH AFFIRMATIVE DEFENSE**

DEFENDANT is immune from liability pursuant to the provisions of California Government Code sections 822.2 and 815.2.

**ELEVENTH AFFIRMATIVE DEFENSE**

PLAINTIFF's action is barred to the extent that she failed to comply with California Government Code section 900 et seq.

**TWELFTH AFFIRMATIVE DEFENSE**

DEFENDANT alleges that he had probable cause to believe that his actions toward the PLAINTIFF were lawful.

**THIRTEENTH AFFIRMATIVE DEFENSE**

DEFENDANT is immune from the claims contained in PLAINTIFF's Complaint pursuant to the provisions of California Penal Code section 835.

*BURKE V. CITY OF SAN LEANDRO, ET AL*  Case No. C07-6142 JL
Defendant CANNEDY's ANSWER to Complaint for Damages

### FOURTEENTH AFFIRMATIVE DEFENSE

DEFENDANT is immune from the claims contained in PLAINTIFF's Complaint pursuant to the provisions of California Penal Code section 835a.

### FIFTEENTH AFFIRMATIVE DEFENSE

DEFENDANT is immune from the claims contained in PLAINTIFF's Complaint pursuant to the provisions of California Penal Code section 836.

### SIXTEENTH AFFIRMATIVE DEFENSE

DEFENDANT is immune from the claims contained in PLAINTIFF's Complaint pursuant to the provisions of California Penal Code section 836.5.

### SEVENTEENTH AFFIRMATIVE DEFENSE

DEFENDANT is informed and believes, and thereby alleges, that PLAINTIFF's alleged damages or injuries, if any, were aggravated by the failure of PLINAITFF and/or other individuals to use reasonable diligence to mitigate those injuries or damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

DEFENDANT alleges that the PLAINTIFF had the express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards and thereafter knowingly and willingly assumed those risks.

### NINETEENTH AFFIRMATIVE DEFENSE

DEFENDANT alleges that PLAINTIFF has waived her right to maintain the action filed in the Complaint.

//

//

## TWENTIETH AFFIRMATIVE DEFENSE

DEFENDANT alleges that he took reasonable precautions with regard to protecting against any risk of injury complaint of or by PLAINTIFF.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

DEFENDANT alleges that the Complaint, and each cause of action thereof, fails to state facts sufficient to constitute an award of attorney's fees or punitive damages against him.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

DEFENDANT alleges that PLAINTIFF was comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Company* (1975) 13 Cal. 3d 804, and this DEFENDANT prays that any and all damages sustained by PLAINTIFF be reduced by the percentage of her negligence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

DEFENDANT alleges that PLAINTIFF's claim for punitive damages is barred by the doctrine enunciated in *City of Newport v. Facts Concerts, Inc.*, 433 U.S. 247 (1981).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

PLAINTIFF's cause of action is barred by the privileges and immunities applicable to public employees.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

At all times mentioned in the complaint, DEFENDANT acted in conformity with applicable law, regulation, and policy.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

DEFENDANT alleges that PLAINTIFF is barred by the principal of estoppel from maintaining the action filed in this case.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

DEFENDANT alleges that the Complaint, and each cause of action thereof, fails to state facts sufficient to constitute an award of attorney's fees or punitive damages against DEFENDANT.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

PLAINTIFF's alleged injuries, losses, or damages, if any, were proximately caused by a superseding and intervening cause.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

If DEFENDANT did subject PLAINTIFF to any wrongful or unlawful conduct resulting in mental, physical or emotional harm, although such is not admitted hereby or herein, PLAINTIFF had a duty to mitigate any damages she may have suffered by seeking medical and psychological treatment and PLAINTIFF has failed to do so.

## THIRTIETH AFFIRMATIVE DEFENSE

DEFENDANT alleges, without admitting any of the alleged actions in the Complaint, that if PLAINTIFF did suffer or sustain any loss, damage or injury as a result of the alleged actions in the Complaints, that DEFENDANT was not the actual and proximate cause.

//

//

## THIRTY-FIRST AFFIRMATIVE DEFENSE

DEFENDANT is entitled to qualified immunity based, in part, on his reasonable belief in the propriety of his conduct.

## JURY DEMAND

Defendant hereby demands trial by jury.

## PRAYER

WHEREFORE, Defendant prays as follows:

1. That PLAINTIFF take nothing by reason of her Complaint and judgment be rendered in DEFENDANT's favor;

2. That DEFENDANT be awarded his costs incurred in the defense of this action; and

3. For such other relief as the Court deems just and proper.

Dated: 25 July 2008

Respectfully submitted,

BERRY | WILKINSON | LAW GROUP

*/s/ Alison Berry Wilkinson*
By: Alison Berry Wilkinson
Attorneys for Defendant
Gregory Allen Cannedy